Hearing Date: July 20, 2023 @ 10:00 A.M.
Objection Date: July 13, 2023 @ 4:00 P.M.

**WILK AUSLANDER LLP**
825 Eighth Avenue, 29th Floor
New York, NY 10019
(212) 981-2300
Eric J. Snyder, Esq.

*Counsel for the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
In re:

GACE CONSULTING ENGINEERS DPC,

                    Debtor.
------------------------------X

**Chapter 11**

**Case No. 23-10789 (lgb)**

## NOTICE OF HEARING ON MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTION 364 CONFIRMING DEBTOR'S AUTHORITY TO ENTER INTO INSURANCE PREMIUM FINANCING AGREEMENT WITH PEOPLES PREMIUM FINANCE, INC.

**PLEASE TAKE NOTICE** that on June 26, 2023, Gace Consulting Engineers DPC, the Debtor herein, filed a motion (the "Financing Motion") for an order confirming Debtor's authority to enter into insurance premium financing with Peoples Premium Finance under §364 of the Bankruptcy Code. A hearing (the "Hearing") on the Financing Motion is scheduled for **July 20, 2023 at 10:00 A.M.** (the "Hearing Date").

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Bankruptcy Court's Emergency Procedures during Covid-19 Pandemic, the Hearing shall take place telephonically using the Court Appearance link on the Court's website: www.nysb.uscourts/gov/court-appearances. The Hearing shall take place using a Zoom link that will sent to parties prior to the Hearing Date.

1

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the granting of the Financing Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, all General Orders of the Court, and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, and shall be served upon: (i) Wilk Auslander LLP, 825 Eighth Avenue, 29th Floor, New York, NY 10019, Attn: Eric J. Snyder, Esq.; and (ii) The Office of the United States Trustee, United States Custom House, Room 534, New York, New York 10004, so as to be filed and received no later than **July 13, 2023 at 4:00 p.m.** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if a written objection to the Financing Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to participate in the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York
June 26, 2023

                                      **WILK AUSLANDER LLP**
                                      *Counsel for the Debtor*

                                      By: /s/ Eric J. Snyder
                                          Eric J. Snyder
                                      825 Eighth Avenue, Suite 2900
                                      New York, New York 10019
                                      (212) 421-2233

**WILK AUSLANDER LLP**
825 Eighth Avenue, 29th Floor
New York, NY 10019
(212) 981-2300
Eric J. Snyder, Esq.

*Counsel for the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
In re:

GACE CONSULTING ENGINEERS P.C.,

Debtor.

----------------------------------X

**Chapter 11**

**Case No. 23-10789 (lgb)**

### DEBTOR'S MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTION 364 CONFIRMING DEBTOR'S AUTHORITY TO ENTER INTO INSURANCE PREMIUM FINANCING AGREEMENT WITH PEOPLES PREMIUM FINANCE, INC.

Gace Consulting Engineers, D.P.C. ("Gace" or the "Debtor") hereby moves (the "Motion") this Court for entry of an order (the "Order"), pursuant to Sections 362, 363, and 364(c)(2) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Sothern District of New York (the "Local Bankruptcy Rules"), confirming the authority of the Debtor to enter into an insurance premium financing agreement (the "PFA"), attached as Exhibit A to the proposed Order annexed hereto, with Peoples Premium Finance, Inc. ("Peoples"), and granting related relief as further described herein. In support of the Motion, the Debtor, by and through its undersigned counsel, respectfully represents:

1

100093351.1

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are Bankruptcy Code Sections 362, 363, and 364(c)(2), Bankruptcy Rule 4001, and Local Bankruptcy Rule 4001-2

## BACKGROUND

**A.    Overview of the Debtor.**

1. On May 17, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 the Bankruptcy Code.

2. The Debtor is managing its property as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3. On May 18, 2023, Samuel Dawidowicz we appointed as Subchapter V Trustee. No examiner, or committee of creditors has been appointed in this case.

4. The Debtor is a Design Professional Corporation formed under New York Business Corporation Law Section 1503 in November 1979. The business is a structural engineering firm focused on residential, commercial and industrial building projects by applying knowledge of design, construction procedures, zoning regulations, building codes, and building materials from its offices located at 148 Madison Avenue, Floor 4, New York, New York 10016 (the "New Premises"). The Debtor currently employs 29 individuals.

5. The Debtor commenced this chapter 11 case to stay the acts of the Debtor's former landlord, A&H Real Estate, Inc. ("A&H"). A&H commenced an action prior to the Petition Date seeking money damages from the Debtor resulting from Debtor's breach of its

previous lease (the "Old Lease Action"). The Old Lease Action threatened the Debtor's ability to continue to operate as going concerns. In order to preserve and maximize the value of its estate, the Debtor intends to pursue an expeditious confirmation of a Plan under SubChapter V of the Bankruptcy Code.

**B.     Overview of the Debtor's Premium Financing.**

3.      The Debtor maintains a professional insurance policy (collectively, the "Insurance Policy"). For the policy period of 2023 to 2024, the total annual premiums under the Insurance Policy amounted to $219,054.00.

4.      The term of the Insurance Policy expires May 1, 2024, and the Debtor determined, in the exercise of its reasonable business judgment, that maintenance of the Insurance Policy is essential to the preservation of value of the Debtor's business, property and assets, and accordingly, in the ordinary course of its business.

5.      The Debtor has determined, in the exercise of its reasonable business judgment, that it would be more economically advantageous to finance a portion of the premiums on the Insurance Policies coming due May 1, 2023 (the "Premiums") rather than pay the entirety of the premiums up front on a lump-sum basis. Accordingly, the Debtor seeks confirmation of its authority to enter into the PFA to finance the Premiums associated with the Insurance Policy. Peoples has requested, as a condition to providing the financing, that the Debtor seek entry of a separate order to ensure that the particular Premiums being financed and the protections provided under the PFA, including the security interests granted to Peoples, are approved by this Court.

6.      To secure its obligations under the PFA, the Debtor will grant a security interest to Peoples in: (a) any and all unearned premiums and dividends which may become payable under the Insurance Policy for any reason; (b) loss payments which reduce the unearned premiums,

3

subject to any mortgagee or loss payee interest; and (c) any interest which may arise under any state insurance guarantee fund relating to the Insurance Policy (collectively, the "Collateral"). Additionally, the PFA will grant Peoples a limited power of attorney with full authority to cancel the Insurance Policy and obtain the return of any unearned premiums in the event of a default in the payment of any installment due.

7.      Pursuant to Bankruptcy Rule 4001(c)(1)(B) and Local Bankruptcy Rule 4001-2, the following is a summary of the key provisions of the PFA.

## Summary of PFA Provisions

| | |
|---|---|
| **Amount Financed** | $175,243.20 |
| **Interest Rate** | 8.25% |
| **Maturity** | The Debtor will make 10 installment payments beginning June 1, 2023, with the last payment being March 1, 2024 |
| **Event of Default** | Nonpayment of installment payments. |
| **Security Interest** | Peoples is granted a security interest in: (a) any and all unearned premiums and dividends which may become payable under the Financed Insurance Policies; (b) loss payments which reduce unearned premiums, subject to any mortgagee or loss payee interests; and (c) any interest in any state guarantee fund relating to any Financed Insurance Policy. |
| **Power of Attorney** | Power of attorney granted to Peoples to cancel the Financed Insurance Policies for payment default, to receive sums assigned to Peoples, and to deliver documents relating to the Financed Insurance Policies. |
| **Cancellation** | Peoples may cancel the Financed Insurance Policies upon Debtor's failure to make payment when due. |
| **Waiver of Automatic Stay** | The proposed order allows Peoples to cancel the Financed Insurance Policies without further application to this Court. |
| **Conditions/Fees** | Finance Charge: $6,694.50 |

| Waiver/Limitation of Liability | Peoples' liability for breach of any of the terms of this agreement or the wrongful exercise of any of its powers shall be limited to the amount of the principal balance outstanding except in the event of gross negligence or willful misconduct. |
|---|---|

## RELIEF REQUESTED

8. By the Motion, the Debtor seeks entry of an Order, pursuant to Bankruptcy Code Sections 362, 363, and 364(c)(2), Bankruptcy Rule 4001, and Local Bankruptcy Rule 4001-2 confirming its authority to: (a) enter into the PFA with Peoples to finance the Premiums associated with the Insurance Policy and (b) grant Peoples certain protections related to the PFA, as described herein. The Debtor believes that this is an ordinary course transaction. However, Debtor is filing this Motion at the request of Peoples to obtain a Court Order specifically pertaining to this PFA.

9. The Debtor has determined, in its business judgment, that it is more cost-effective to finance a portion of the Premiums and that entry into the PFA will provide the Debtor with the liquidity and flexibility for operations. Additionally, as noted in the summary chart above, the Debtor anticipates that the interest rate will be less expensive than other sources of capital.

10. For the foregoing reasons, the Debtor does not believe it is required to seek Court approval to enter into the PFA with Peoples. However, Peoples has requested that the Debtor seek entry of a separate Court Order to ensure Court approval of the particular premiums being financed and that the security interests granted pursuant to the PFA are valid under Section 364(c)(2). Accordingly, the Debtor is seeking an Order of the Court confirming its authority to enter into the PFA.

**C.    Entry into the Premium Financing Agreement is Authorized Under Bankruptcy Code Section 364(c).**

11. Although the Debtor believes that it is authorized to enter into the PFA with Peoples

5

in the ordinary course of its business pursuant to the Insurance Order, the Debtor also submits that Bankruptcy Code Section 364(c)(2) authorizes the Debtor to enter into the PFA, as entry into the PFA is in the best interests of the estate.

12.    Bankruptcy Code Section 364(c)(2) allows a debtor, in the exercise of its business judgment, to incur secured postpetition debt, if the Debtor has been unable to obtain unsecured credit and the borrowing is in the best interests of the estate. 11 U.S.C. § 634(c); see, e.g., In re Ames Dep't Stores, 115 B.R. 34, 38 (Bankr. S.D.N.Y. 1990) (stating that with respect to postpetition credit, courts "permit debtors-in-possession to exercise their basic business judgment consistent with their fiduciary duties").

13.    The Debtor's entry into the PFA with Peoples is necessary to protect the assets of the estate from diminishment due to a lapse in insurance coverage. Peoples is willing to finance the Debtor's insurance premiums on the Insurance Policy only if it is granted a security interest in the limited universe of Collateral, the insurance policies themselves. Given the unique financing at issue, the Debtor does not believe it could obtain this type of financing on better terms on an unsecured basis. Because the Debtor is required to maintain insurance coverage during the Chapter 11 case, it would be particularly problematic if the Debtor was not authorized to enter into the PFA.

14.    Additionally, as set forth more fully in the proposed Order, the PFA contemplates a modification of the automatic stay established pursuant to Bankruptcy Code Section 362 to permit Peoples to take certain actions permitted under the PFA to enforce certain remedies against the Collateral without having to obtain any further order of this Court. The Debtor submits that stay modification provisions such as these are ordinary and usual features of postpetition premium financing agreements and, in the Debtor's business judgment, are reasonable under the present

circumstances. Accordingly, the Debtor respectfully requests the Court authorize the modification of the automatic stay in accordance with the terms set forth in the proposed Order.

15. Moreover, maintenance of the Insurance Policy is essential to continuing the Debtor's operations and protecting its estate and creditors against liability for injuries or damages that may arise. Additionally, the Insurance Policy is required by various regulations, laws and contracts that govern the Debtor's commercial activities. Moreover, Bankruptcy Code Section 1112(b)(4)(C) provides that "failure to maintain appropriate insurance that poses a risk to the estate or to the public" is "cause" for mandatory conversion or dismissal of a Chapter 11 case. U.S.C. § 1112(b)(4)(C).

16. Based on the foregoing, the Debtor submits that the relief requested herein is in the best interest of the Debtor, its estate, creditors, stakeholders and other parties in interest, and is consistent with the Insurance Order, and, therefore, should be granted.

## WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)

17. The Debtor requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtor seeks in this Motion is necessary for the Debtor to operate its business without interruption and to preserve value for its estate. Accordingly, the Debtor respectfully requests that the Court waive the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable, as the exigent nature of the relief sought herein justifies immediate relief.

## NOTICE

18. Notice of the Motion will be given to: (i) the Office of the United States Trustee;

100093351.1

(ii) Debtor's twenty largest creditors; (iii) Peoples; and (iv) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtor submits that no other or further notice need be provided.

## NO PRIOR REQUEST

19. No previous request for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, substantially in the form annexed hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: New York, New York  
June 26, 2023

**WILK AUSLANDER LLP**

By: /s/ Eric J. Snyder  
Eric J. Snyder, Esq.  
825 Broadway, 29th Floor  
New York, New York 10019  
(212) 981-2300  

*Counsel for the Debtor and Debtor in Possession*

EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                              :
                                                    :   Chapter 11
GACE CONSULTING ENGINEERS, D.P.C.                   :
                                                    :   Case No. 23-10789(lgb)
            Debtor.[1]                              :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF ORDER AUTHORIZING THE DEBTOR TO CONTINUE USING: (I) ITS CASH MANAGEMENT SYSTEMS; (II) EXISTING BANK ACCOUNTS; (III) BUSINESS FORMS AND BOOKS AND RECORDS; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of Gace Consulting Engineers, D.P.C., for entry of an order (the "Order"), pursuant to Sections 362, 363, and 364(c)(2) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Sothern District of New York (the "Local Bankruptcy Rules"), confirming the authority of the Debtor to enter into an insurance premium financing agreement (the "PFA") with Peoples Premium Finance, Inc. ("Peoples"); and it appearing that proper and sufficient notice of the relief sought in the Motion has been given; and it further appearing that the requested relief is reasonable and proper and a hearing on the Motion having been held on July 20, 2023; and sufficient cause appearing to me therefor and due consideration having been given; it is

HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

---

[1] The last four digits of the Debtor's tax identification number are 5207.

100093729.1

2. The Debtor is authorized to enter into the PFA with Peoples, a copy of which is annexed hereto as Exhibit A.

3. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

4. Notice of the Motion satisfies the requirements set forth in Bankruptcy Rule 6004(a).

5. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
      July__, 2023

                                        HONORABLE LISA G. BECKERMAN
                                        UNITED STATES BANKRUPTCY JUDGE



## Peoples Premium Finance
### PREMIUM FINANCE AGREEMENT

200 Unity Circle North
Suite E
Lee's Summit, MO 64086 (844) 292-9090  Fax (816) 246-2659

www.peoplespf.com
View your client's account status online

**Type of Loan**
- [ ] Personal
- [x] Commercial
- [ ] Additional Premium

S08606

| AGENT / BROKER (NAME AND BUSINESS ADDRESS) | (01602522) | BORROWER (NAME AND RESIDENCE OR BUSINESS ADDRESS) |
|---|---|---|
| Whitehorn Financial Group Inc.<br>29 Main Street<br>2nd Floor<br>Madison, NJ 07940<br>(973) 564-9330 | PRODUCER CODE<br>A00009 | Gace Consulting Engineers, PC<br>148 Madison Ave<br>4th Floor<br>New York, NY 10016<br>(212) 545-5801 |

### PAYMENT SCHEDULE

| | TOTAL PREMIUMS | NUMBER OF INSTALLMENTS | AMOUNT OF EACH INSTALLMENT | WHEN PAYMENTS ARE DUE | |
|---|---|---|---|---|---|
| | | | | FIRST INSTALLMENT DUE | INSTALLMENT DUE DATES |
| A | 219,054.00 | 10 | 18,193.77 | 6/1/2023 | 1st (Monthly) |
| B | DOWN PAYMENT<br>43,810.80 | | | | |
| C | AMOUNT FINANCED<br>The Amount of Credit Provided on Your Behalf<br>175,243.20 | | | | |
| D | FINANCE CHARGE<br>The Dollar Amount the Credit Will Cost You<br>6,694.50 | | | | |
| E | TOTAL OF PAYMENTS<br>Amount Paid After Making All Scheduled Payments<br>181,937.70 | | | | |
| F | A.P.R.<br>The Cost of Your Credit as Yearly Rate<br>8.250% | | | | |

### SCHEDULE OF POLICIES

| Policy Prefix and Number | Effective Date | Name of Insurance Carrier and Name of Managing General Agent | Type of Coverage | Policy Term | Gross Premium |
|---|---|---|---|---|---|
| AEH591858042 | 5/1/2023 | C00014-Continental Casualty Co<br>G00034-Victor Insurance Managers Inc<br>[CX:0] [PR] | PROF<br>Emd. Taxes/Fees<br>Fin. Taxes/Fees | 12 | 219,054.00<br>0.00<br>0.00 |

TOTAL PREMIUMS MUST AGREE WITH BOX "A" ABOVE >>>>  219,054.00

Quote Number: 1009463

**NOTICE TO THE BORROWER:**
If you sign below, you acknowledge receipt of a copy of this Agreement and you agree to the provisions BOTH ON THE FIRST AND THE SECOND PAGE OF THIS AGREEMENT. You further agree that you are appointing LENDER your ATTORNEY-IN-FACT to cancel the policies as outlined in this agreement. The Borrower requests LENDER to pay the premiums on the policies shown in the schedule of policies, less the down payment. In order to help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify and record information that identifies each person who obtains a loan. What this means for you: When you apply for a loan, we will ask for your name, address, date of birth and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents if you are a business entity.

**IF FOR ANY REASON YOU DO NOT RECEIVE YOUR PAYMENT COUPONS OR INVOICE FOR INSTALLMENTS DUE, YOU MUST STILL MAKE YOUR PAYMENTS ON THE ABOVE DATE TO THE ABOVE ADDRESS.**

SIGNATURE OF BORROWER(S) OR DULY AUTHORIZED AGENT OF BORROWER(S)     DATE 5/2/23

**PRODUCERS WARRANTIES AND REPRESENTATIONS:**
THE UNDERSIGNED WARRANTS AND GUARANTEES:

(1) The Borrower has received a copy of this Agreement, and the Required Federal Truth-in-Lending disclosures for Personal Lines Insurance, if applicable, (2) The policies listed herein are in full force and effect and the information in the schedule of policies and the premiums are correct, (3) The Borrower has authorized this transaction and recognizes the security interest assigned herein, (4) To hold in trust for LENDER any payments made or credited to the Borrower through or to the undersigned, directly, indirectly, actually or constructively by any of the insurance companies and to pay the monies to LENDER upon demand to satisfy the then outstanding indebtedness of the Borrower and that any lien the undersigned now has or hereafter may acquire on any returned premium arising out of the above listed insurance policies is subordinated to LENDER's lien or security interest therein, (5) There are no exceptions to the policies other than those indicated and the policies included on this finance agreement are in full force and effect and comply with LENDER's eligibility requirements, (6) No direct company bill, audit or reporting form policies, policies subject to retrospective rating, or policies subject to minimum earned premiums are included except as indicated, and that the deposit or provisional premiums are not less than the anticipated premiums to be earned for the full term of the policies if policy is subject to a minimum earned premium, it is_____. (7) The policies can be cancelled by the Borrower or the Insurance Company on 10 days' notice and the unearned premiums will be computed on the standard short rate or pro rata table except as indicated, (8) A proceeding in bankruptcy, receivership or insolvency has not been instituted by or against the named Borrower or if the named Borrower is the subject of such a proceeding, it is noted on this Agreement in the space in which the Borrower's name and address is placed, (9) To hold Lender, its successors and assigns harmless against any loss or expense (including attorney fees) resulting from these representation or from errors, omissions or inaccuracies of the agent/broker in preparing this agreement, (10) To pay the down payment and any funding amounts received from the Lender under this Agreement to the insurance company or general agent (less commissions), (11) No term or provision of any financed policy requires the lender to notify or get the consent of any third party to effect cancellation of such policy. (12) To promptly notify Lender in writing of any information on the Agreement becomes inaccurate.

SIGNATURE OF AGENT OR BROKER     DATE 5/2/23

Q# 1009463, PRN 050223, CFG Cambridge test, RT Whitehorn Financial Group Inc, DD N/A, BM Coupon, P/F 0.00 Qtd For A00009 Original

INPUT1 TPFV01(08/15)

Page 1 of 2

## PROVISIONS OF YOUR SECURITY AGREEMENT

1. PROMISE OF PAYMENT: The Borrower requests LENDER to pay the premiums on the policies shown in the schedule of policies, less the down payment. The Borrower promises to pay to LENDER at its office the amount stated in Block E above, according to the Payment Schedule shown on the reverse, subject the rest of the terms of this Security Agreement.
2. SECURITY INTEREST: The Borrower assigns to LENDER as security for the total amount payable in this Agreement any and all unearned premiums and dividends which may become payable under the insurance policies and all loss payments which reduce the unearned premiums, subject to any mortgagee or loss payee interests. The Borrower gives to LENDER a security interest in all items mentioned in this paragraph.
3. DEFAULT CHARGES: Borrower agrees that if any installment is more than 10 days past due it will pay to LENDER a delinquency charge in the amount equal 5% of the delinquent installment or the maximum permitted by applicable state law.
4. FINANCE CHARGE: The finance charge, shown in Box "D" on the front side of this Agreement, begins to accrue on the earliest policy effective date and continues until all funds are paid in full, notwithstanding any cancellation of coverage.
5. INSUFFICIENT FUNDS (NSF) CHARGES: If Borrower's check or electronic funding is dishonored for any reason, the Borrower will pay to Lender a fee of $20.00 or the maximum amount permitted by law.
6. THIS AGREEMENT BECOMES A CONTRACT: This Agreement becomes a binding contract when LENDER mails a written acceptance to the Borrower. Borrower agrees this Agreement may be transmitted by electronic means to LENDER and such agreement, when accepted, becomes a valid contract. Borrower further agrees to and understands that the Agent is receiving a fee of $0.00 for the preparation of this financing contract.
7. WARRANTY OF ACCURACY: The Borrower warrants to LENDER that: (a) the insurance policies listed in the above schedule have been issued to the Borrower and are in full force and effect and that the Borrower has not assigned any interest in the policies except for the interest of mortgagees and loss payees, (b) that the signatory is authorized to sign this Agreement on behalf of the Borrower, and (c) all parties responsible for payment of the premium are named and have authorized this Agreement.
8. REPRESENTATION OF SOLVENCY: The Borrower represents that it is not insolvent or presently the subject of any insolvency proceeding.
9. CANCELLATION: LENDER may cancel the insurance policies and the unpaid balances due to LENDER shall be immediately payable by the Borrower if any of the following occur: (a) The Borrower does not pay any installment according to the terms of this Agreement; (b) The Borrower does not comply with any of the terms of this Agreement; (c) The Borrower or the insurer voluntarily or involuntarily becomes the subject of a bankruptcy, receivership or any other kind of insolvency proceeding; or (d) If the Borrower is a business and stops doing business or ceases to be qualified to do business. LENDER at its option may enforce payment of this debt without recourse to the security given to LENDER.
10. CANCELLATION CHARGES: If insurance policies cancel in accordance with the terms of this agreement, then the insured will pay Lender a cancellation charge equal to $15.00 or the maximum amount permitted by law.
11. POWER OF ATTORNEY – COLLECTION EXPENSES: The Borrower irrevocably appoints LENDER its Attorney-In-Fact with full authority to cancel the insurance policies, receive all sums assigned to LENDER or in which it has granted LENDER a security interest and LENDER may execute and deliver on the Borrower's behalf all documents, instruments of payment, forms and notices of any kind relating to the insurance policies in furtherance of this Agreement. LENDER's liability to any person or corporation on the exercise of its authority to cancel the insurance policies is limited to the amount of the principle balance, except if LENDER willfully fails to mail the notices required by law. When LENDER effects cancellation in accordance with state law, the Borrower will be responsible for attorney's fees and other costs in any collection action as a result thereof to the extent permitted by applicable state law. The insurance company, its agents, and its intermediaries and the agent/broker are authorized to provide LENDER with full information regarding all policies listed herein, including the status and calculation of referenced premiums.
12. MONEY RECEIVED AFTER NOTICE OF CANCELLATION: Any payments made to LENDER after LENDER's Notice of Cancellation of the insurance policies has been mailed may be credited to the Borrower's account without affecting the acceleration of this Agreement and without any liability or obligation on LENDER's part to request the reinstatement of the cancelled policies. Any money LENDER receives from an insurance company shall be credited to the amount due LENDER with any surplus being paid over to whomever is entitled to the money. No refund of less than $1.00 shall be made. If there is a balance due after LENDER receives the unearned premiums, dividends or loss payments from the insurance company then the Borrower will pay the balance to LENDER with interest at the rate shown on this Agreement.
13. PREPAYMENT: Borrower has the right to prepay the entire outstanding balance in full at any time before the due date of the final installment Upon prepayment in full, or upon cancellation and full payment to LENDER, Borrower will be entitled to receive a refund of the Finance Charge to be computed by the Rule of 78's ("Sum of the Years Digits") method, or the actuarial method, as required or permitted by applicable law. If cancellation occurs, the Borrower agrees to pay a Finance Charge on the balance due at the rate on the reverse side of this Agreement until it is paid in full, or until such other date as is required by applicable state law. Borrower agrees to pay LENDER reasonable attorney's fees and collections costs under the terms and conditions hereof and to the extent and amount permitted by applicable state law.
14. INSURANCE AGENT OR BROKER: The insurance agent or broker named on this Agreement with whom the policies were solicited or issued is the Borrower's agent, not LENDER's and LENDER is not legally bound by anything the agent or broker represents to the Borrower, orally or in writing. The agent or broker named on this Agreement is not authorized by Lender to receive installment payments under this Agreement.
15. SPECIAL INSURANCE POLICIES: If the insurance policy issued to the Borrower is auditable or is a reporting form policy or subject to retrospective rating, then the Borrower promises to pay the insurance company the earned premium computed in accordance with the policy provisions which is in excess of the amount of premium advanced by LENDER which the insurance company retains.
16. SUCCESSORS AND ASSIGNS: All legal rights given to LENDER shall benefit LENDER's assigns. The Borrower will not assign the policies without LENDER's written consent except for the interest of mortgagees and loss payees.
17. MISSING AND INCORRECT INFORMATION: If the policy has not been issued at the time of signing this Agreement, then the Borrower agrees the name of the insurance company, and the policy numbers of the insurance policies may be left blank and may be subsequently inserted in this Agreement. In addition, Borrower authorizes LENDER or the agent or broker to correct on this Agreement at any time, if incorrect, the name of the insurance companies, the policy numbers and the installment due dates. LENDER will notify the Borrower of the corrected and/or inserted information on its written notice of acceptance.
18. ADDITIONAL PREMIUMS: The money paid by LENDER is only for the premium as determined at the time the insurance policy is issued. LENDER's payment shall not be applied by the insurance company to pay for any additional premiums owed by the insured as a result of any type of misclassification of this risk. The Borrower agrees to pay the company any additional premiums which become due for any reason. LENDER may assign to the company any rights it has against the Borrower for premiums due the company in excess of the premiums returned to LENDER.
19. SIGNER'S WARRANTIES: To convince LENDER to enter this Agreement and accept the security underlying this Agreement, the person executing this Agreement, if not the Borrower, warrants severally and as the duly authorized agent of the Borrower: that he is the duly authorized agent of the Borrower appointed specifically to enter into this transaction on the Borrower's behalf; that he can perform any act the Borrower could or should perform with respect to this transaction; that he will hold in trust for LENDER any payments made or credit to the Borrower through the undersigned or to the undersigned, directly, indirectly, actually or constructively, by any of the insurance companies and that he will pay the monies to LENDER upon demand to satisfy the then outstanding indebtedness of the Borrower.
20. LIMITATION OF LIABILITY: The Borrower irrevocably waives and releases LENDER from any claims, lawsuits, causes of action, which may be related to any prior loans between the parties and to any act or failure to act prior to the time this Agreement becomes a binding contract. Lender's liability for breach of any of the terms of this Agreement or the wrongful exercise of any of its powers shall be limited to the amount of the principal balance outstanding, except in the event of gross negligence or willful misconduct. Any claims against LENDER shall be limited exclusively in the Circuit Court of Jackson County, Missouri.
21. NAMED INSURED: If the insurance policy provides that the first named insured shall be responsible for payment of premiums and shall act on behalf of all other insureds regarding the policy, the same shall apply to this Agreement, and the insured represents it is authorized to sign on behalf of all insured. If not, then all insureds must be shown in this Agreement unless a separate agreement appoints an insured to act for the others.
22. DOCUMENT AND GOVERNING LAW: This document is the entire Agreement between LENDER and the Borrower and can only be changed in writing and signed by both parties. The laws of the state of Borrower's residence as set forth above will govern this Agreement. If any provision of this Agreement is held to be invalid or unenforceable, the validity and enforceability of the remaining provisions shall not be impaired.
23. DEFINITIONS. The above-named Borrower is the insured in the policies listed in the Schedule above "LENDER" means Peoples Premium Finance, a division of Peoples Bank, "insurance policy" or "policy" or "premium" refer to those items in the Schedule above. Singular words mean plural and vice-versa as may be required to give this Agreement meaning.



VICTOR INSURANCE MANAGERS LLC

## BINDER OF INSURANCE
Date Issued: May 1, 2023

This certifies that coverage is bound as follows for the following insured:

GACE Consulting Engineers, P.C.
148 Madison Avenue
New York, NY 10016

Architects/Engineers Professional and Pollution Incident Liability Insurance

| | |
|---|---|
| Reference Number: | 1139396 – 45033 |
| Binder Number: | AEH591858042<br>This will become the Policy Number if all outstanding items and payment are satisfied prior to the binder expiration. |
| Binder Effective Date: | 05/01/2023 |
| Binder Expiration Date: | 05/31/2023<br>If all outstanding items and payment are satisfied prior to the binder expiration, a policy will be issued to expire on 05/01/2024. |
| Insurance Company: | CONTINENTAL CASUALTY COMPANY. |
| Limit of Liability: | $2,000,000  Per Claim<br>$4,000,000  Annual Aggregate |
| Self-Insured retention: | $75,000  Per Claim<br>N/A  Annual Aggregate |

Specific Limit of Liability for Scheduled Project or Client (Metro Loft Developers)

| | |
|---|---|
| Supplemental Limit of Liability: | $1,000,000  Per Claim<br>$1,000,000  Annual Aggregate |
| Retroactive Date:  Full | |
| Policy Premium: | $219,054.00 |
| State Taxes or Surcharges: | $0.00 |

Policy Form:

  CNA79034XX (11-2022) Professional Liability and Pollution Incident Liability Insurance Policy

Endorsements Attached:

| | |
|---|---|
| CNA100901N (03/21) | Amendatory Endorsement - New York Free Trade Zone |
| CNA79109XX (09/14) | Specific Limit of Liability for Scheduled Project Endorsement |
| CNA79098XX (09/14) | Modified Deductible Endorsement |
| CNA83699XX (11/15) | NOTICE ENDORSEMENT - NOTICE OF CANCELLATION, NON-RENEWAL OR REDUCTION IN LIMITS WHERE REQUIRED BY WRITTEN CONTRACT |

Victor Insurance Managers LLC
Victor Insurance Services LLC in MN | DBA in CA and NY: Victor Insurance Services | CA Ins. Lic. # 0156109
301-961-9800 • info.us@victorinsurance.com • 7700 Wisconsin Ave., Suite 400, Bethesda, MD 20814

Page 2 of 4



**OUTSTANDING ITEMS:**
Issuance of a policy is subject to the receipt, review and approval of the following, prior to expiration of this binder:

- Payment of premium due.

Presented by:

Brandon Perry
brandon.perry@victorinsurance.com
301-951-9763

Victor Insurance Managers LLC
Victor Insurance Services LLC in MN | DBA in CA and NY: Victor Insurance Services | CA Ins. Lic. # 0156109
301-961-9800 • info.us@victorinsurance.com • 7700 Wisconsin Ave., Suite 400, Bethesda, MD 20814

Page 3 of 4