NOTICE OF HEARING: DECEMBER 19, 2023 AT 10:00A.M.
OBJECTION DEADLINE: DECEMBER 12, 2023 AT 4:00 P.M.

**WILK AUSLANDER LLP**
825 Eighth Avenue, Suite 2900
New York, New York 10019
(212) 421-2233
Eric J. Snyder, Esq.

Counsel for the Debtor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:                                                    Chapter 11

GACE CONSULTING ENGINEERS, DPC,

Debtor.[1]                                        Case No. 23-10789 (LGB)

## NOTICE OF HEARING ON DEBTOR'S MOTION TO APPROVE
## SEALING OF SCHEDULE OF EXECUTORY CONTRACTS RELATED
## TO SERVICE AGREEMENT TO BE ASSUMED UNDER AMENDED
## PLAN OF REORGANIZAITON

**PLEASE TAKE NOTICE** that on November 30, 2023, GACE Consulting Engineers,

DPC, the Debtor herein, filed its *Amended Chapter 11 Plan of Reorganization* [Dkt. No. 58] (as

may be further amended, the "Plan").

**PLEASE TAKE FURTHER NOTICE** that as a result of the above, on December 4, 2023,

the Debtor filed a Motion (the "Sealing Motion") Seeking Approval of an Order (the "Proposed

Sealing Order") Sealing the List of Executory Contracts Related to Service Agreements the Debtor

Shall Assume under the Plan. A hearing (the "Hearing") on the Sealing Motion is scheduled for

**December 19, 2023 at 10:00 A.M.** (the "Hearing Date").

**PLEASE TAKE FURTHER NOTICE,** that, pursuant to the Bankruptcy Court's

Emergency Procedures during COVID-19 Pandemic, the hearing shall place by Zoom for

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is 5207.

100113320.1

Government videoconference. Parties wishing to participate at the Hearing are required to register their eCourt Appearance by 4:00 P.M. (EST) the business day before the Hearing at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl, pursuant to Judge Beckerman's Zoom video Rules, a copy of which is attached to this Notice.

   **PLEASE TAKE FURTHER NOTICE** that responses or objections to the Sealing Motion and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the response or objection and the specific grounds therefor, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov), with a hard copy delivered directly to chambers and served so as to be actually received no later than December 12, 2023 at 4:00 p.m. ET ("Objection Deadline"), upon (i) counsel for the Debtor, Wilk Auslander LLP, 825 Eighth Avenue, Suite 2900, New York, New York 10019 (Attn: Eric J. Snyder, Esq.); (ii) Office of the United States Trustee for Region 2, United States Custom House, Room 534, One Bowling Green Station, New York, New York 10004 (Attn: Greg Zipes, Esq., Esq.); and (iii) the Subchapter V Trustee, Samuel Dawidowicz, 215 East 68th Street. Ste. 20M, New York NY 10065.

   **PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and received by the Objection Deadline, the Proposed Sealing Order may be entered without further notice or a hearing.

Dated:  New York, New York
        December 4, 2023

**WILK AUSLANDER LLP**

By: /s/: Eric J. Snyder
    Eric J. Snyder, Esq.
    825 Eighth Ave., Suite 2900
    New York, New York 10019
    (212) 981-2300
    *Counsel for the Debtor*

100113320.1

## PROCEDURES FOR ALL HEARINGS BEFORE JUDGE BECKERMAN
## BEING HELD BY ZOOM VIDEO

The Zoom video hearing (the "Hearing") held in connection with this notice will be conducted in accordance with the procedures contained herein.

With respect to Hearings that are evidentiary hearings or trials, the procedures contained herein are subject to, and do not limit, the terms of any pre-trial order, scheduling order, or other order regarding the Hearings.

These procedures have been modified to comply with the revised policy, effective September 22, 2023, of the Judicial Conference of the United States concerning the public's remote access to civil and bankruptcy proceedings (the "Revised Policy"). Under the Revised Policy, the press and other public attendees ("Public Attendees") may only receive audio access to non-evidentiary Hearings when appearing remotely. For evidentiary hearings and trials, Public Attendees may not attend via remote means and should attend in-person in the courtroom. The Revised Policy does not affect the ability of case participants (e.g., parties-in-interest and their attorneys, witnesses, and interpreters) ("Case Participants") from attending Zoom Hearings using the platform's videoconferencing features.

All Case Participants and Public Attendees that wish to attend a Zoom Hearing (whether attending remotely or in-person) must register for the Hearing through the Electronic Appearance Portal ("eCourt Appearance Tool") located on the Court's website (https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl) by the deadlines set forth in Sections 2 and 3 below.

## PROCEDURES

1.    **Audio and Videoconferencing Solutions.** The Hearing shall occur virtually using both audio and videoconferencing solutions as set forth herein. The Court shall utilize Zoom for Government (for audio and video purposes). The Court shall provide the Zoom link to the list of persons registered as Case Participants pursuant to the instructions set forth in Section 2 below and a Zoom dial-in number to Public Attendees who provide notice of their attendance to the Court pursuant to the instructions set forth in Section 3 below.

2.    **Hearing Attendance by Case Participants.** All Case Participants must register for the Hearing through the eCourt Appearance Tool by no later than 4:00 p.m. (ET) one business day before the Hearing. Failure to register by the specified deadline will result in the Case Participant not being admitted to the Hearing. The Court will email the Zoom link to registered Case Participants after 4:00 p.m. (ET) one business day before the Hearing. Parties are strictly forbidden from circulating or sharing the Zoom link.

3.    **Hearing Attendance by Public Attendees.** All Public Attendees who wish to dial-in to a Hearing where testimony is not expected must register for the Hearing through the eCourt

1

Appearance Tool by no later than 4:00 p.m. (ET) one business day before the Hearing. Failure to register by the specified deadline will result in the Public Attendee not being admitted to the Hearing. The Court will email the Zoom dial-in information to registered Public Attendees prior to the Hearing. Registered Public Attendees are strictly forbidden from circulating or sharing the Zoom dial-in information. Because Public Attendees cannot dial in to a Hearing where testimony is expected, Public Attendees may attend such a Hearing in person in the courtroom.

4.    **Courtroom Formalities.** Although being conducted using audio and videoconferencing on Zoom, the Hearing constitutes a court proceeding, and any recording other than the official court version is prohibited. No participant or attendee of the Hearing may record images or sounds of the Hearing from any location. All parties appearing before the Court must situate themselves in such a manner as to be able to view the video screen and be seen by the Court. For purposes of this Hearing, the parties must observe the formalities of a courtroom.

5.    **Submission of Exhibits and Demonstratives to Court.** If any of the parties intend to offer any exhibits at the Hearing or use any demonstratives at the Hearing, such party shall provide the Court (and file on ECF) a copy of the exhibits or demonstratives it will seek to use during the Hearing (either by offering it in evidence or using it for demonstrative purposes) no later than the deadline set forth in Judge Beckerman's Chambers Rules or the applicable scheduling or pre-trial order but in any event at least 24 hours before the Hearing.

6.    **Checking in for Hearing.** Because of the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing must connect to the Hearing beginning half an hour before the scheduled start of the Hearing and no later than ten minutes before the Hearing start time. Failure to connect to the Hearing at the indicated time may result in significant delays to the start of the Hearing. When signing into Zoom for Government, participants must type in the first and last name that will be used to identify them at the hearing, and the party they represent (i.e., Jane Doe, Debtor's Counsel). Participants who type only their first name, a nickname, or initials will not be admitted into the hearing. When seeking to connect for video participation in a Zoom for Government hearing, participants will first enter a waiting room in the order in which the participants seek to connect. Court personnel will admit each person to the Hearing from the waiting room after confirming the person's name (and telephone number, if a telephone is used to connect) provided to the Court in accordance with Sections 2 and 3 above. You may experience a delay in the waiting room before you are admitted to the Hearing. Once admitted, please turn off your video and mute the microphone on Zoom until the Court calls your matter.

7.    **Retention of Jurisdiction.** The Court retains jurisdiction with respect to all matters arising from or related to these procedures.

2

**WILK AUSLANDER LLP**
825 Eighth Avenue, Suite 2900
New York, New York 10019
(212) 421-2233
Eric J. Snyder, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GACE CONSULTING ENGINEERS, DPC, | |
| Debtor. | No. 23-10789 (LGB) |

## MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105, 107(b) AND FED. R. BANKR. P. 9018 AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH THE SCHEDULE OF ASSUMED EXECUTORY CONTRACTS TO BE FILED UNDER THE AMENDED PLAN

GACE Construction Engineers, DPC (the "Debtor") files this Motion for Entry of Order, pursuant to 11 U.S.C. §§ 105(a), 107(b) and Fed. R. Bankr. P. 9018, in the form attached hereto as **Exhibit A**, approving the redacting and filing under seal of the parties to certain agreements that will be included in a schedule of executory contracts to be assumed under the Debtor's Amended Plan [ECF # 58].

### Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is sections 105(a) and 107(b) of the Bankruptcy Code. Relief is also warranted under Bankruptcy Rule 9018.

2.      On May 17, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New

1

100106486.1

York.

3. The Debtor is a Design Professional Corporation formed under New York Business Corporation Law Section 1503 in November 1979. The business is a structural engineering firm focused on residential, commercial and industrial building projects by applying knowledge of design, construction procedures, zoning regulations, building codes, and building materials from its offices located at 148 Madison Avenue, Floor 4, New York, New York 10016. The Debtor currently employs 29 individuals.

4. No trustee, examiner, or committee has been appointed in this Chapter 11 Case other than Samuel Dawidowicz, the Subchapter V Trustee, and the Debtor continues in possession of its assets and to operate its business pursuant to 11 U.S.C. §§ 1182(2) and 1184.

5. On August 15, 2023, the Debtor filed its Subchapter V Plan. Since that date, the Debtor has had numerous negotiations with creditors, as well as the Trustee and has reached agreements with its former shareholders and landlord.

6. As a result, on November 30, 2023, the Debtor filed an amended plan (the "Amended Plan") [ECF # 58]. Simultaneously with the filing of this Motion, the Debtor also seeks authority to set deadlines and requirements with respect to the Amended Plan. One of the requirements is to file a schedule of executory contracts the Debtor contemplates assuming (the "Assumption Schedule").

7. The Amended Plan set forth that, as of the Petition Date, the Debtor was a party to numerous service agreements (the "Service Agreements") that it contemplates assuming under the Amended Plan. However, the Debtor believes that disclosure of the identity of the counterparties to these Service Agreements on the Assumption Schedule would provide competitors with sensitive, commercial information that would significantly damage the Debtor's business. *See* Declaration of Alyson Sikorski, ¶¶4-7 ("Sikorski Dec.") filed in support of the Sealing Motion.

100106486.1

## Basis for Relief Requested

8.    Bankruptcy Code section 107(b) provides bankruptcy courts with the power to issue orders that will protect entities from the potential harm resulting from the disclosure of confidential or sensitive information. Specifically, section 107(b) provides that upon the "request of a party in interest," the Court shall "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1); *see also* Fed. R. Bankr. P. 9018 (permitting the bankruptcy court, on motion or *sua sponte*, to "make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information"). Bankruptcy Code section 105(a) permits the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a).

9.    Whether information falls within the scope of section 107(b) is ultimately the Court's decision. *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). Once the Court determines, however, that a party in interest is seeking protection of information that falls within one of the categories protected by section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994).

10.    Courts have recognized that the term "commercial information" is broad, given that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Glob. Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). Commercial information protected by section 107(b) includes, but is not limited to, "information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Orion Pictures*, 21 F.3d at 27 (quotation omitted). Commercial information also includes information that could "have a chilling effect

3

100106486.1

on negotiations, ultimately affecting the viability of [the] Debtors." *In re Lomas Fin. Corp.*, No. 90 Civ. 7827 (LLS), 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991); *accord Barney's*, 201 B.R. at 708. Commercial information need not be equivalent to a trade secret to be protected. *Orion Pictures*, 21 F.3d at 28; *see also In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) ("Commercial information need not rise to the level of a trade secret to qualify for protection under section 107(b).").

11.     Here, more than sufficient cause exists for the Court to grant the relief requested. The identities of the counterparties to the Service Agreements includes commercial opportunities for the Debtor that, if disclosed publicly, could provide its competitors with information that could be used strategically against them or otherwise negatively impact the Debtor's business. *See Sikorski Decl.* ¶¶6-7. Public disclosure of the identity of the counterparties would be highly detrimental to the Debtor and potentially extremely valuable to competitors, who could seek to use the information to gain a competitive advantage against the Debtor and harm its efforts to maximize value. *Id.* The Debtor seeks to keep this information under seal in order to prevent the deleterious effects of disclosure.

12.     The identity of the counterparties to the Service Agreements are thus both "commercial" and "confidential" and fall squarely within the scope of information that is protected by section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. The identity of the counterparties easily fall within the definition of "commercial information" as it "could reasonably be expected to cause the entity commercial injury," *Glob. Crossing*, 295 B.R. at 725, and includes information that could "result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006) (quoting *Orion Pictures*, 21 F.3d at 27).

13.     The Debtor therefore respectfully request that the Court, pursuant to section 107(b) of the Bankruptcy Code, authorize the Debtors to redact the information contained in the Assumption Schedule that will be filed in furtherance of the Amended Plan because of the harm that would occur if that commercially sensitive and confidential information were publicly disclosed.

4

14.    Bankruptcy Rule 9018 authorizes the Court, "with or without notice," to "make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. The Debtor proposes giving notice of the Sealing Motion to: a) the Office of the United States Trustee; b) all parties that have appeared in the bankruptcy case, via ECF; and c) all of the Debtor's creditors: (1) scheduled as holding non-disputed, non-contingent and non-unliquidated claims; and (2) that filed proofs of claim in the bankruptcy proceeding. Notice of the Sealing Motion in this was satisfies the requirements of Bankruptcy Rule 9013, 9014 and the Local Bankruptcy Rules of this Court.

15.    No prior request for relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that the Court enter the Order, in the form annexed hereto as Exhibit A; a) sealing the schedule of executory contracts to be assumed under the Debtor's Amended Plan as it pertains to the Service Agreements; and b) for such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        December 4, 2023

**WILK AUSLANDER LLP**

By: /s/: Eric J. Snyder
      Eric J. Snyder, Esq.
825 Eighth Ave., Suite 2900
New York, New York 10019
(212) 981-2300
*Counsel for the Debtor*

100106486.1

## Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| GACE CONSULTING ENGINEERS, DPC | Case No. 23-10789 (LGB) |
| Debtor. | |

### ORDER GRANTING MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 107(B) AND FED. R. BANKR. P. 9018 AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH THE SCHEDULE OF ASSUMED EXECUTORY CONTRACTS TO BE FILED UNDER THE AMENDED PLAN

Upon the motion (the "Sealing Motion") [1] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "**Order**"), pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1, authorizing the Debtor to file under seal the identity of counterparties to service agreements to be included on a Schedule of Assumed Contracts on the public docket of this Chapter 11 case and for related relief, all as described in the Sealing Motion; and the Court having jurisdiction to consider the Sealing Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a), (b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Sealing Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and where notice of the Sealing Motion was served on all of the Debtor's creditors; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Sealing Motion establish good and sufficient cause for the relief granted herein, in that the proposed redacted information constitutes commercial information properly protected

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Sealing Motion.

100106486.1

under 11 U.S.C. § 107(b) on the terms of this Order; and such relief being in the best interests of the Debtor, its estate, its creditors and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT**:

1.     The Sealing Motion is hereby granted as set forth herein.

2.     Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1, the Debtor is authorized to file to the public docket of this Chapter 11 case the schedule of contracts to be assumed under the Amended Plan, which redacts the identity of counterparties to Service Agreements (the "**Redacted Document**").

3.     The Debtor is authorized to file the unredacted Assumption Schedule (the "**Sealed Document**"), when required by the Scheduling Order to be filed in connection with the Amended Plan, under seal, by providing the Sealed Document, with a copy of this Order, to the Clerk of Court, Attn: Vito Genna, in an envelope, either paper or electronic, prominently marked TO BE FILED UNDER SEAL. The Sealed Document shall remain under seal unless otherwise ordered by the Court or as agreed to by the Debtor under appropriate confidentiality agreements satisfactory to the Debtor.

4.     The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5.     Entry of this Order is without prejudice to the rights of any party in interest in the Chapter 11 case or the United States Trustee to seek an order of this Court unsealing all or part of the Sealed Document.

2

100106486.1

6.    The Court shall retain jurisdiction with respect to all matters arising from or related

to the implementation or interpretation of this Order.

Dated:  New York, New York
        December __, 2023

_____
HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE

3

100106486.1

**Exhibit B**
**Sirkorski Declaration**

100106486.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                                          Chapter 11

GACE CONSULTING ENGINEERS, DPC,

              Debtor.                                    No. 23-10789 (LGB)

## DECLARATION OF ALYSON SIKORSKI

I, Alyson Sikorski, pursuant to section 1746 of title 28 of the United States Code, hereby

declare that the following is true to the best of my knowledge, information, and belief:

I am the president of GACE Consulting Engineers, D.P.C., the debtor herein (the

"Debtor"). I submit this Declaration in support of Debtor's motion to seal (the "Sealing Motion")

the identity of the counterparties to agreements that the Debtor was a party to prior to the

bankruptcy filing. As president of the Debtor, I am fully familiar with the facts pertaining to the

Sealing Motion.

### Background

1.      On May 17, 2023, the Debtor filed a voluntary petition for relief under Chapter 11

of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New

York.

2.  The Debtor is a Design Professional Corporation formed under New York Business

Corporation Law Section 1503 in November 1979. The business is a structural engineering firm

focused on residential, commercial and industrial building projects by applying knowledge of

design, construction procedures, zoning regulations, building codes, and building materials from

its offices located at 148 Madison Avenue, Floor 4, New York, New York 10016. The Debtor

currently employs 29 individuals. As of the Petition Date, the Debtor was a party to 346 service

1

100113417.1

agreements (the "Service Agreements") wherein the Debtor provides engineering services to third parties.

3.  I am informed by my bankruptcy counsel that each of the counterparties to the Service Agreements are required to be notified of the Debtor's intent to assume their Service Agreements and that list of assumed Service Agreements is required to be filed with the Court. However, disclosing the entire list of the Service Agreement would significantly injure the Debtor's business and, as set forth in the Scheduling Motion, the Debtor respectfully requests that the identity of the counterparties to the Service Agreements be sealed and remain confidential.

4.  GACE has spent decades developing our business and building relationships with our clients, there is very little direct marketing or advertising involved in what we do.

5.  We have cultivated these clients by working with them for many years on projects and developing and maintaining these business relationships through our good work and reputation. In addition to our staff, this is the key driver in the value of a firm like ours, the good will of our current client base as it is what leads to future work in the form of future projects with these clients as well as referrals from them to new potential clients.

6.  Given that we already have the significant issue notifying all of our clients and explaining why we had to file for Chapter 11, we are trying to avoid giving all our direct competitors access to a list of our clients and the relevant person to talk to about future projects. They will no doubt disparage and exaggerate the effect the Chapter 11 filing will have on our firm going forward and will sow doubt with our current clients in an effort to steal them from us and get future work.

7.  While not directly related, we have already seen negative postings on Glassdoor relative to our chapter 11 filing. We would argue that sealing does not negatively affect anyone

2

100113417.1

else involved in this case while the alternative clearly will have a negative impact on our ability to

get work going forward. If this list is made public, it will give our competitors – some of whom

are former shareholders of GACE and are among the creditors – the opportunity to reach out to all

of our clients, share their spin on the stability of GACE, lobby to replace us on projects, and

ultimately severely damage our reputation and the viability of our business. All of this is likely to

result in GACE being unable to remain viable and make payments to creditors.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of December 2023.

By: /s/ Alyson Sikorski
Alyson Sikorski

3

100113417.1