**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GACE CONSULTING ENGINEERS, DPC | |
| Debtor. | Case No.  23-10789 (LGB) |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION (SUBCHAPTER V) DATED DECEMBER 20, 2023**

WHEREAS, the debtor and debtor-in-possession, GACE Consulting Engineers, DPC (the

Debtor"), has, among other things:[1]

(i)    commenced the above-captioned chapter 11 case (collectively, the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on May 17, 2023 (the "Petition Date") with the Bankruptcy Court for the Southern District of New York (the "Court");

(ii)    continued to operate its business and manage its properties as the debtor in possession in accordance with sections 1107(a) and 1108 of the Bankruptcy Code;

(iii)    filed, on December 20, 2023, the *Second Amended Chapter 11 Plan of Reorganization (Subchapter V)* [Dkt. No. 67] (as amended, supplemented, or otherwise modified from time to time, the "Plan");

(iv)    obtained, on December 20, 2023, the *Order (I) Fixing Dates for Hearing on Confirmation of the Debtor's Plan of Reorganization, Filing Objections to Confirmation of the Plan, and Filing Acceptances or Rejections of the Plan, and (II) Approving the Form of Confirmation Hearing Notice and Ballot* [Dkt. No. 68] (the "Scheduling Order"), which set the hearing ("Confirmation Hearing") to consider confirmation of the Plan ("Confirmation") for February 13, 2024, at 10:00 a.m. (ET);

(v)    filed, on January 10, 2023, *Executory Contracts and Unexpired Leases to be Assumed by the Debtor Pursuant to the Plan, Cure Amounts (if any), and Related Procedures*

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is (5207).

(vi)     filed, on February 6, 2024, the *Plan Ballot Summary* and accompanying *Declaration of Eric J. Snyder in Support of Plan Ballot Summary* to certify the tabulation of votes in connection with the Plan, as amended  [Dkt. No. 73] (the "Ballot Summary"); and

(vii)    filed, on February 6, 2024, the *Debtor's Brief in Support of Confirmation of Chapter 11 Plan of Reorganization* [Dkt. No. 73] (the "Confirmation Brief").

This Court having:

(i)      set January 30, 2024, at 5:00 p.m. (ET) as the deadline for creditors to file objections to the confirmation of the Plan;

(ii)     set January 30, 2024, at 5:00 p.m. (ET) as the deadline for voting on the Plan;

(iii)    set February 13, 2024, at 10:00 a.m. (ET) as the date and time for commencement of the Confirmation Hearing in accordance with Rules 3017 and 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 1126, 1128, and 1129 of the Bankruptcy Code;

(i)      reviewed the Plan, all exhibits to the Plan, the Confirmation Brief, and the Ballot Summary, and all pleadings, exhibits, statements, responses, and comments regarding Confirmation;

(ii)     held the Confirmation Hearing, and heard the statements, arguments, and objections made by counsel with respect to Confirmation;

(iii)    considered all testimony, documents, filings, and other evidence presented or admitted at the Confirmation Hearing;

(iv)     overruled any and all objections to the Plan and to Confirmation and all statements and reservations of rights not consensually resolved or withdrawn, unless otherwise indicated;

(v)      entered rulings on the record at the Confirmation Hearing held on February 13, 2024; and

(vi)     taken judicial notice of all papers and pleadings filed in this Chapter 11 Case; and all evidence proffered or adduced and all arguments made at the hearings held before the Court during the pendency of this Chapter 11 Case.

NOW, THEREFORE, the Court having found that notice of the Confirmation Hearing and the opportunity for any party in interest to object to Confirmation have been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby; and

2

100120974.1

the Court having found the record of this Chapter 11 Case and the legal and factual bases set forth in the documents filed in support of Confirmation and all evidence proffered or adduced by counsel at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefor, the Court hereby makes and issues the following findings of fact, conclusions of law, and order (this "Confirmation Order"):

**I.      FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1.      The findings of fact and conclusions of law set forth herein and on the record of the Confirmation Hearing constitute findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rules 7052 and 9014. All findings of fact and conclusions of law announced by the Court at the Confirmation Hearing in relation to Confirmation are hereby incorporated into this Confirmation Order to the extent not inconsistent herewith.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.  To the extent any finding of fact or conclusion of law set forth herein (including any findings of fact or conclusions of law announced by the Court at the Confirmation Hearing and incorporated herein) constitutes an order of the Court, it is adopted as such.

2.      Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)). The Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court has jurisdiction to enter a Final Order determining that the Plan complies with the applicable provisions of the Bankruptcy

3

Code and should be confirmed and approved. Venue is proper before the Court pursuant to 28 U.S.C. § 1408.

3.     Transmittal and Mailing of Materials; Notice.  The Debtor provided due, adequate, and sufficient notice of the Plan, the Confirmation Hearing and the time fixed for filing objections to Confirmation to all entities entitled to receive that notice, including all of the Debtor's known creditors. That notice fully and adequately described the requested relief, was reasonable and appropriate, and complied in all regards with due process. That notice also complied with the applicable provisions of: (a) the Bankruptcy Code; (b) the Bankruptcy Rules; (c) the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York; and (d) all relevant orders of the Court.

4.     Solicitation. The Debtor conducted its solicitation of acceptances or rejections of the Plan and the related distribution and tabulation of ballots with respect to that solicitation in good faith. In addition, the solicitation, distribution, and tabulation complied with the Scheduling Order; all applicable provisions of the Bankruptcy Rules; all applicable provisions of the Bankruptcy Code; and all other applicable laws, rules, and regulations. Among other things, the Debtor transmitted the Plan to all known Persons who hold Claims or Interests and that are impaired under the Plan and who are therefore entitled to vote on the Plan.

5.     Ballot Summary. As evidenced in the Ballot Summary thereby, the procedures used to tabulate ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and all other applicable rules, laws, and regulations. As evidenced by the Ballot Summary, Class 3, the only impaired Class under the Plan, voted to accept the Plan in accordance with sections 1124 and 1126 of the Bankruptcy Code.

100120974.1

6.     Burden of Proof. The Debtor, as proponents of the Plan, has met its burden of proving all of the requirements of a consensual plan under section 1191(a), including each required element of section 1129 of the Bankruptcy Code by a preponderance of the evidence, the applicable evidentiary standard for Confirmation. Further, the Debtor has proven each required element of section 1129 of the Bankruptcy Code by clear and convincing evidence.

7.     Compliance with the Requirements of Section 1129 of the Bankruptcy Code. The Plan complies with all applicable provisions of section 1129 of the Bankruptcy Code as more particularly set forth below and, in the Court's, oral findings of facts and conclusions of law:

(i)    11 U.S.C. § 1129(a)(1) - The Plan complies with all of the applicable provisions of the Bankruptcy Code, including sections 1122 and 1123.

(ii)   11 U.S.C. § 1129(a)(2) - The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

(iii)  11 U.S.C. § 1129(a)(3) - The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.

(iv)   11 U.S.C. § 1129(a)(4) - Any payment made or to be made by the Debtor for services or for costs and expenses in connection with the Chapter 11 Case or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of the Court, and pursuant to Article II.B of the Plan, each estate professional must file and serve a properly noticed fee application, and pursuant to the Bankruptcy Code, only the amount of fees Allowed by the Court will be paid, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

(v)    11 U.S.C. § 1129(a)(5) - Because the Plan specifies that the Debtor's current officers and directors will become the officers and directors of the Reorganized Debtor, this section is satisfied.

(vi)   11 U.S.C. § 1129(a)(6) - There are no rates applicable to the Debtor's business or otherwise, over which any regulatory commission or other governmental authority has, or will have, jurisdiction after confirmation of the Plan. Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable and satisfied.

100120974.1

(vii)   11 U.S.C. § 1129(a)(7) - The Plan provides that each Holder of a Claim in Class 3, the only impaired Class under the Plan, will have either accepted the Plan or will receive under the Plan distributions on account of such Claim that are not less than the amount that such Holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on the Effective Date. The Liquidation Analysis and the Financial Projections, attached to the Plan as Exhibits A and B respectively, reflect, and the Court finds, that each Holder of a Claim in Class 3 will receive distributions on account of such Claim under the Plan that is more than such Holder would receive or retain if the Debtor was liquidated in a Chapter 7 proceeding. Thus, the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

(viii)  11 U.S.C. § 1129(a)(8) - Class 3, the only impaired Classes under the Plan, have each voted in favor of the Plan. Thus, the Plan satisfies section 1129(a)(8) of the Bankruptcy Code.

(ix)    11 U.S.C. § 1129(a)(9) - The Plan's treatment of Administrative Claims and Priority Tax Claims satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code.

(x)     11 U.S.C. § 1129(a)(10) - Class 3, the only impaired Class under the Plan, have each voted in favor of the Plan. Specifically, 100% of the votes cast by Class 3 voted to accept the Plan. Thus, the Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

(xi)    11 U.S.C. § 1129(a)(11) - The Debtor satisfied its burden to show that Confirmation of the Plan is not likely to be followed by liquidation or the need for further reorganization. Thus, the Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

(xii)   11 U.S.C. § 1129(a)(12) - Pursuant to Article II.A. of the Plan, all fees payable pursuant to section 1930(a) of title 28 of the United States Code, shall be paid as such fees become due. Thus, the Plan satisfies section 1129(a)(12) of the Bankruptcy Code.

(xiii)  11 U.S.C. § 1129(a)(13) – The Debtor does not currently have any liability to pay "retiree benefits" as that term is defined under section 1114(a) of the Bankruptcy Code. As such, this section is not applicable to the Plan and is satisfied.

(xiv)   11 U.S.C. § 1129(a)(14) – Because the Debtor is a Design Professional Corporation and has no domestic support obligations, this section is not applicable to the Plan and is satisfied.

(xv)    11 U.S.C. § 1129(a)(15) - Pursuant to section 1181(a) of the Bankruptcy Code, section 1129(a)(15) of the Bankruptcy Code is inapplicable in this

6

100120974.1

Subchapter V case. Thus, this section is not applicable to the Plan and is satisfied.

(xvi)   11 U.S.C. § 1129(a)(16) - This section is not applicable to the Plan and is satisfied.

(xvii)  11 U.S.C. § 1129(c) - Pursuant to section 1181(a) of the Bankruptcy Code, section 1129(c) of the Bankruptcy Code is inapplicable in this Subchapter V case. Thus, this section is not applicable to the Plan and is satisfied.

(xviii) 11 U.S.C. § 1129(d) - The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the applicable provision of section 5 of the Securities Act of 1933. Thus, this provision has been satisfied.

**ORDER BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

8.      The Plan is CONFIRMED as a consensual plan under section 1191(a) of the Bankruptcy Code, and the Plan and all related exhibits, are integral to the Plan and incorporated herein by reference, and therefore constitute an integral part of this Confirmation Order. In the event of any inconsistency between the Plan and the provisions of this Confirmation Order, the provisions of this Confirmation Order are controlling.

9.      The provisions of the confirmed Plan, and all other documents filed in connection with the Plan or executed or to be executed in connection with the transactions contemplated by the Plan, and this Confirmation Order bind the Debtor, the Reorganized Debtor, and all creditors. The failure to specifically include or refer to any particular article, section, or provision of the Plan documents, or any related document in this Confirmation Order does not diminish or impair the effectiveness or enforceability of such article, section, or provision.

10.     The Debtor shall cause to be served a notice of the entry of this Confirmation Order and occurrence of the Effective Date, substantially in the form attached hereto as **Exhibit A** (the "Confirmation Notice"), upon all parties listed in the creditor matrix maintained by the Debtor, no later than five (5) business days after the Effective Date.

7

100120974.1

11. The Debtor or the Reorganized Debtor, as the case may be, are authorized to execute and deliver any and all documents or instruments and take any and all actions necessary or desirable to implement the Plan, and this Confirmation Order, and any other transactions contemplated under those documents. To effectuate these transactions and the Plan, the Debtor or Reorganized Debtor, as the case may be, are authorized—without further notice or application to or order of this Court—to execute, deliver, file, or record any documents and to take any other actions that it may determine is necessary or desirable to implement the Plan and this Confirmation Order, regardless of whether such actions or documents are specifically referred to in the Plan, or this Confirmation Order. To the extent that, under applicable nonbankruptcy law, any of these actions otherwise would require the consent or approval of the shareholder of the Debtor or Reorganized Debtor, this Confirmation Order constitutes that consent and approval.

12. The Confirmation of the Plan vests, as of the Effective Date, all property of the Estate in the Reorganized Debtor as provided in the Plan free and clear of all Claims, liens or other encumbrances (except as expressly provided in the Plan) and, commencing on the Effective Date, the Reorganized Debtor may use, acquire, or dispose of property or settle or compromise Claims without Court supervision and free of any restrictions imposed by the Bankruptcy Code or Bankruptcy Rules. On the Effective Date, or as otherwise specifically provided in the Plan, the Confirmation Order, or any agreement, instrument, or other document entered into in connection with or pursuant to the Plan, all notes, bonds, indentures, certificates, securities, shares, purchase rights, options, warrants, collateral agreements, subordination agreements, intercreditor agreements, or other instruments or documents directly or indirectly evidencing, creating, or relating to any indebtedness or obligations of, or ownership interest in, the Debtor giving rise to any rights or obligations relating to Claims against or Interests in the Debtor (except with respect

8

to any Claim or Interest that is reinstated pursuant to the Plan) shall be deemed cancelled and surrendered without any need for a Holder to take further action with respect thereto, and the obligations of the Debtor or the Reorganized Debtor, as applicable, shall be deemed satisfied in full, released, and discharged; provided that, notwithstanding such cancellation, satisfaction, release, and discharge, anything to the contrary contained in the Plan or Confirmation Order, Confirmation, or the occurrence of the Effective Date, any such document or instrument that governs the rights, claims, or remedies of the Holder of a Claim or Interest shall continue in effect solely for purposes of allowing Holders to receive distributions as specified under the Plan.

13. Except as otherwise provided in this Confirmation Order or the Plan, the treatment set forth in the Plan shall be in full and complete satisfaction of the legal, contractual, and equitable rights that each entity or Person Holding a Claim or an Interest may have in or against the Debtor, the Estate, the Reorganized Debtor, or their respective property. This treatment supersedes and replaces any agreements or rights those entities or Persons may have in or against the Debtor, the Estate, the Reorganized Debtor, or their respective property.

14. Holders of Claims shall not receive any distributions from the Estate or Reorganized Debtor other than as specifically set forth in the Plan.

15. The exculpation, described in Article VII.E of the Plan (the "Exculpation"), is appropriate under applicable law because it was proposed in good faith, was formulated following extensive good faith, arm's-length negotiations with key constituents, is appropriately limited in scope, and therefore approved. Without limiting anything in the Exculpation, each Exculpated Party has participated in good faith in Chapter 11 Case and is appropriately exculpated from any cause of action for any claim or interest related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, preparation, dissemination, negotiation,

100120974.1

filing, or consummation of the Plan (and all the exhibits and schedules thereto), and all contracts, instruments, releases, or other agreements or documents created (or to be created) or entered (or to be entered into) into before or during the Chapter 11 Case in connection with the Plan, the filing of the Chapter 11 Case, the pursuit of Confirmation, the pursuit of consummation of the Plan, or the administration and implementation of the Plan, including providing any legal opinion requested by any Person regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion, the distribution of property under the Plan or any other agreement (whether or not such issuance or distribution occurs following the Effective Date), negotiations regarding or concerning any of the foregoing, or the administration of the Plan or property to be distributed hereunder, except for causes of action related to any act or omission that is determined by Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Person shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.

16.    The injunction provisions set forth in Article VII of the Plan are necessary to implement, preserve, and enforce the Debtor's discharge and the exculpation provisions in Article VII.E of the Plan, are narrowly tailored to achieve this purpose, and are therefore approved.

17.    Except as otherwise provided in the Plan, on the Effective Date, the Estate's claims and causes of action pursuant to sections 544-551 of the Bankruptcy Code shall be transferred and assigned to the Reorganized Debtor, free and clear of all liens and Claims against the Debtor and Reorganized Debtor and all Interests in the Debtor and Reorganized Debtor. Further, Article

10

100120974.1

VII.G of the Plan provides that the Reorganized Debtor will retain, and may assert, all rights to commence and pursue, as appropriate, any and all claims and Causes of Action, except for any claims or Causes of Action that have been expressly waived, relinquished, exculpated, released, compromised, or settled by the Plan, whether arising before or after the Petition Date, in accordance with section 1123(b)(3)(B) of the Bankruptcy Code. The provisions regarding the preservation of Causes of Action in the Plan are appropriate, fair, equitable, and reasonable, and are in the best interests of the Debtor, the Estate, and Holders of Claims and Interests, and therefore approved.

18.     The provisions of the Plan and this Confirmation Order shall be binding on the Debtor, the Reorganized Debtor, the Estate, the Subchapter V Trustee, and any entity acquiring property under the Plan, and any and all Holders of Claims and Interests, including, without limitation, the Holders of Claims of a kind specified in section 502(g), (h) or (i) of the Bankruptcy Code, whether or not: (a) a Proof of Claim based on such a debt is Filed or deemed Filed under section 501 of the Bankruptcy Code; (b) such Claim is Allowed under section 502 of the Bankruptcy Code; or (c) the Holder of such Claim has accepted the Plan.

19.     On the Effective Date, and except as provided under the Plan, all Persons shall be forever enjoined from asserting any Claims or Interests against the Debtor, the Reorganized Debtor, the Estate or their respective property. Any judgment at any time obtained in any other court, to the extent that such judgment is a determination of the liability of the Debtor with respect to any debt that is discharged under the Plan, is void without further action required by any parties.

20.     Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan and all exhibits and schedules thereto, and this Confirmation Order shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax,

11

100120974.1

mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental assessment, and upon entry of this Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents pursuant to such transfers of property without the payment of any such tax, recordation fee, or governmental assessment.

21.    The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law, are non-severable and mutually dependent.

22.    Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court will retain jurisdiction over the Chapter 11 Case, all matters arising out of or related to the Chapter 11 Case and the Plan, the matters set forth in Article VII of the Plan, and other applicable provisions of the Plan, including jurisdiction to:

(i)    grant or deny applications for allowance of compensation or reimbursement of expenses authorized under the Bankruptcy Code or the Plan for periods ending on or before the Effective Date;

(ii)    hear and resolve all Claim objections and/or disputes regarding Claims against the Debtor;

(iii)    resolve any and all applications, motions, adversary proceedings, and other matters that involve the Debtor and that are pending before the Court on the Effective Date;

(iv)    enter any orders necessary or appropriate to implement, consummate, or enforce the provisions of the Plan and of all contracts, instruments, releases, and other agreements or documents entered into in connection with the Plan;

(v)    resolve any and all controversies, suits, or issues that may arise in connection with the Plan's consummation, interpretation, or enforcement;

(vi)    under section 1193 of the Bankruptcy Code, modify the Plan or any contract, instrument, release, or other agreement or document created in connection with the Plan, including to remedy any defect, omission, or inconsistency therein;

100120974.1

(vii)   enter and implement any orders that are necessary and appropriate if this Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated;

(viii)   enter the order closing the Chapter 11 Case; and

(ix)   all other matters identified in Article IX.A of the Plan.

23.   If this Court abstains from exercising jurisdiction, or is without jurisdiction, over any matter, this Confirmation Order will not affect, control, prohibit, or limit the exercise of jurisdiction by any other court that has jurisdiction over that matter.

24.   Provisions Regarding Executory Contracts and Unexpired Leases. As of the Effective Date, the Executory Contracts and Unexpired Leases set forth in the Schedule of Assumed Contracts and Cure [Dkt. # 70] shall be deemed assumed pursuant to sections 365 and 1123 of the Bankruptcy Code and will be in full force as set forth in Article V of the Plan; *provided, however*, as set forth in Article V of the Plan and the Scheduling Order, the Debtor or the Reorganized Debtor.

25.   Pursuant to Article V.A.1 of the Plan, all Executory Contracts and Unexpired Leases not identified on Schedule of Assumed Contracts and Cure shall be deemed. automatically rejected pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date, unless any such Executory Contract or Unexpired Lease (i) was assumed or rejected previously by the Debtor and approved by the Court, which such prior assumption or rejection shall control; (ii) expired or terminated pursuant to its own terms before the Effective Date; or (iii) is the subject of a separate motion to assume or reject pending on the Confirmation Date.

26.   The Administrative Claim Bar Date. Except with respect to Administrative Claims that are Professional Fee Claims or as otherwise set forth in the Plan or this Confirmation Order, requests for payment of an Allowed Administrative Claim that arose on or before the

13

100120974.1

Effective Date, other than requests for payment of Administrative Claims arising in the ordinary course of business, must be Filed with the Court no later than 30 days after the Effective Date. Holders of Administrative Claims that are required to File and serve a request for payment of such Administrative Claims by the Administrative Claims Bar Date that do not File and serve such a request by the Administrative Claims Bar Date shall be forever barred, estopped, and enjoined from asserting such Administrative Claims against the Debtor or the Reorganized Debtor, and such Administrative Claims shall be deemed compromised, settled, and released as of the Effective Date.

27.     If this Chapter 11 Case is converted to one under Chapter 7, the property of the Reorganized Debtor, or of any other successor to the Estate under the Plan, which has not been distributed under the Plan shall be vested in the appropriate Chapter 7 estate, except for property that would have been excluded from the Estate if this case had commenced as one under Chapter If the Effective Date does not occur, the Plan shall be null and void in all respects and nothing contained in the Plan shall: (a) constitute a waiver or release of any Claims, Interests, or Causes of Action by any Person; (b) prejudice in any manner the rights of the Debtor or any other Person; or (c) constitute an admission, acknowledgment, offer, or undertaking of any sort by the Debtor or any other Person.

28.     Notwithstanding any Bankruptcy Rule (including, without limitations, Bankruptcy Rules 3020(e), 6004(h), 6006(d), 7062, and 9014), this Confirmation Order is effective immediately upon entry and not subject to any stay.

29.     This Confirmation Order is a Final Order and the period in which an appeal must be filed will commence upon entry of this Confirmation Order.

14

100120974.1

**IT IS SO ORDERED.**

Dated: February __, 2024
    New York, New York

_____
HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE

100120974.1

**Exhibit A**

**Form of Confirmation Notice**

100120974.1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GACE CONSULTING ENGINEERS, DPC | Case No.  23-10789 (LGB) |
| Debtor. | |

**NOTICE OF (A) ENTRY OF ORDER (I) CONFIRMING THE DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION (SUBCHAPTER V) AND (II) GRANTING RELATED RELIEF, AND (B) OCCURRENCE OF EFFECTIVE DATE**

**TO ALL CREDITORS, INTEREST HOLDERS, AND OTHER PARTIES IN INTEREST:**

PLEASE TAKE NOTICE THAT on February [●], 2024, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), entered an order [Dkt. No. [●] (the "Confirmation Order") confirming the Second *Amended Chapter 11 Plan of Reorganization (Subchapter V)* [Dkt. No. ●] (with all supplements and exhibits thereto, the "Plan");

PLEASE TAKE FURTHER NOTICE THAT the Effective Date of the Plan occurred on [●], 2024.

PLEASE TAKE FURTHER NOTICE THAT pursuant to Article V.B of the Plan, Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, must be Filed with the Bankruptcy Court within 30 days after the later of (1) the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such rejection, (2) the effective date of such rejection, and (3) the Effective Date. **Unless otherwise provided by a Final Order of the Bankruptcy Court, any Claims arising from the rejection of an Executory Contract or Unexpired Lease not Filed with the Bankruptcy Court within such time will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtor, the Estate, Reorganized Debtor, or the property of any of the foregoing entities without the need for any objection by the Reorganized Debtor or further notice to, or action, order, or approval of the Bankruptcy Court or any other entity, and any Claim arising out of the rejection of the Executory Contract or Unexpired Lease shall be deemed fully satisfied and released, notwithstanding anything in the Schedules or a Proof of Claim to the contrary.**

PLEASE TAKE FURTHER NOTICE THAT, except with respect to Administrative Claims that are Professional Fee Claims or as otherwise set forth in the Plan or the Confirmation Order, requests for payment of an Allowed Administrative Claim that arose before the Effective Date, other than requests for payment of Administrative Claims arising in the ordinary course of business, must be Filed with the Bankruptcy Court no later than 30 days after the Effective Date (the "Administrative Claims Bar Date"). **HOLDERS OF ADMINISTRATIVE CLAIMS THAT ARE REQUIRED TO FILE AND SERVE A REQUEST FOR PAYMENT OF SUCH**

2

100120974.1

**ADMINISTRATIVE CLAIMS BY THE ADMINISTRATIVE CLAIMS BAR DATE THAT DO NOT FILE AND SERVE SUCH A REQUEST BY THE ADMINISTRATIVE CLAIMS BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH ADMINISTRATIVE CLAIMS AGAINST THE DEBTOR OR THE REORGANIZED DEBTOR, AND SUCH ADMINISTRATIVE CLAIMS SHALL BE DEEMED COMPROMISED, SETTLED, AND RELEASED AS OF THE EFFECTIVE DATE.**

**PLEASE TAKE FURTHER NOTICE THAT**, unless otherwise ordered by the Bankruptcy Court, all formal requests for payment of Professional Fee Claims must be Filed with the Bankruptcy Court no later than 30 days after the Effective Date.

**PLEASE TAKE FURTHER NOTICE THAT** the terms of the Plan and all exhibits and schedules thereto, and the Confirmation Order shall be immediately effective and enforceable and deemed binding upon the Debtor or the Reorganized Debtor, as applicable, any and all Holders of Claims or Interests (regardless of whether such Claims or Interests are deemed to have accepted or rejected the Plan), all Persons that are parties to or are subject to the settlements, compromises, releases, and injunctions described in the Plan, each Person acquiring property under the Plan or the Confirmation Order and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtor.

**PLEASE TAKE FURTHER NOTICE THAT** the Plan, the Confirmation Order may be obtained by contacting to the Debtor, Wilk Auslander LLP, attn: Eric J. Snyder (esnyder@wilkauslander.com). You may also obtain copies of any pleadings filed in the Chapter 11 Case for a fee via PACER at: https://www.pacer.uscourts.gov.

Dated: February [●], 2024
     New York, NY                 **WILK AUSLANDER LLP**

                        By:_____
                        Eric J. Snyder
                        825 Eighth Avenue, Suite 2900
                        New York, NY 10019
                        Telephone: (212) 981-2300
                        esnyder@wilkauslander.com

                        *Counsel for Debtor and Debtor in-Possession*

3

100120974.1